IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL KENDRICK,<br><br>　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>GEORGE LITTLE, *et al*,<br><br>　　　　　　　　　　*Defendants*. | Civil Action No. 2:23-cv-187<br><br>Hon. William S. Stickman IV<br>Hon. Maureen P. Kelly |

### **ORDER OF COURT**

*Pro se* Plaintiff Paul Kendrick ("Kendrick"), who is incarcerated in the Pennsylvania State Correctional Institution ("SCI") in Fayette ("SCI-Fayette") serving a life sentence for first-degree murder, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants[1] violated his constitutional rights by retaining him in "solitary confinement" for a prolonged period without due process of the law and they were deliberately indifferent to his serious medical conditions. (ECF No. 7). Additionally, Kendrick brings a claim of negligence related to the inadequacy of mental health treatment and the conditions of his confinement. (*Id.*). Dr. Saavedra filed a Partial Motion to Dismiss. (ECF No. 29). Magistrate Judge Maureen P. Kelly issued a Report and Recommendation recommending that the Court deny Dr. Saavedra's motion to dismiss Kendrick's Eighth Amendment conditions of confinement claim, and grant the

---

[1] Defendants Secretary George Little, Executive Deputy Secretary Tabb Bickle, SCI-Fayette Superintendent Eric Armel, Deputy Superintendents Walker and Trempus, Majors Tkacs and Hawkinberry, Psychologists Amy Shaup and Regina Graft, Unit Manager Riddle, and Counselor Cook are employed by the Pennsylvania Department of Corrections ("DOC") ("Corrections Defendants"). Defendant Peter Saavedra ("Dr. Saavedra") is a psychiatrist and contract employee of the DOC.

motion to dismiss Kendrick's state law negligence claim.[2] (ECF No. 47). Kenrick was given the opportunity to file objections. (*Id.*).

No objections having been filed, the Court hereby ADOPTS Magistrate Judge Kelly's Report and Recommendation as its Opinion. It concurs with her thorough legal analysis and conclusions.

AND NOW, this __18__ day of September 2023, IT IS HEREBY ORDERED that Defendant Peter Saavedra's Partial Motion to Dismiss (ECF No. 29) IS GRANTED IN PART AND DENIED IN PART. The motion is denied as to the Eighth Amendment conditions of confinement claim. The motion is granted as to the state law negligence claim against Dr. Saaverdra, and this claim is dismissed without prejudice. *See Donnelly v. O'Malley & Langan, PC*, 370 F. App'x 347, 350 (explaining that a dismissal for failure to comply with Rule 1042.3 is not a dismissal with prejudice).

BY THE COURT:

/s/ William S. Stickman IV

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[2] Kenrick has not complied with Pennsylvania Rule of Civil Procedure 1042.3 ("Rule 1042.3"). He failed to file the required certificate of merit sixty day after filing his complaint, and he did not request an extension of time to do so.