IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL KENDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-187 |
| | ) | |
| v. | ) | District Judge William S. Stickman |
| | ) | Magistrate Judge Maureen P. Kelly |
| GEORGE LITTLE, *SECRETARY OF THE* | ) | |
| *DEPARTMENT OF CORRECTIONS*, *et al.*, | ) | Re: ECF No. 74 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Before the Court is a motion by Defendants George Little, E. Armel, J. Trempus, T. Walker, R. Hawkinberry, R. Graft, A. Schaup, T. Bickle, S. Riddle, M. Tkacs, and J. Cook ("Corrections Defendants") to conduct a mental examination of Plaintiff Paul Kendrick ("Kendrick") pursuant to Federal Rule of Civil Procedure 35(a). ECF No. 74.

Kendrick is proceeding pro se and brings this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that Defendants violated his constitutional rights by retaining him in "solitary confinement" for a prolonged period without due process of the law and were deliberately indifferent to his serious mental health conditions. ECF No. 7. Kendrick is incarcerated in the Pennsylvania State Correctional Institution at Phoenix ("SCI-Phoenix") serving a life sentence for first-degree murder and a separate sentence of death imposed for the 2018 murder of a Corrections Officer employed at the State Correctional Institution at Somerset ("SCI – Somerset").[1] His pending claims arise out of his incarceration at the State Correctional Institution at Fayette ("SCI – Fayette"). Id. 7 ¶¶ 3, 18. Kendrick v. Little, No. 2:23-CV-187, 2023 WL 6130605, at *1 (W.D.

---

[1] See https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-56-CR-0000264-2018&dnh=QPoCTV3MaichkE4Nnc6Qng%3D%3D

Pa. Sept. 18, 2023), *appeal dismissed*, No. 23-2911, 2024 WL 1868921 (3d Cir. Jan. 30, 2024) (summarizing claims).

Rule 35(a) provides that in any action where a party's mental condition is in controversy, the Court may order the party to submit to a mental or physical examination by a licensed examiner. The motion "may be made only on motion for good cause and notice to all parties, including the person to be examined." Fed. R. Civ. P. 35(a)(2)(A).

Corrections Defendants assert that Kendrick's claims place his mental condition in controversy. ECF No. 74 ¶¶ 3-5. Specifically, Kendrick alleges that his mental health has "significantly deteriorated" because of the conditions of his confinement, and that he suffers from numerous mental health problems that Defendants have failed to treat. ECF No. 7 ¶¶ 24, 28, 29. Corrections Defendants present the Curriculum Vitae of the proposed examiner Dr. Ryan Quirk, Ph.D., a forensic psychologist who serves as the Chief of Forensic Psychology for the Washington State Department of Corrections and as a member of the Examining Board of Psychology for Washington State. ECF No. 74-1. Thus, Dr. Quirk is a suitably licensed examiner for purposes of conducting a mental examination of Kendrick to determine the veracity of the claims set forth in the Complaint. ECF No. 74 ¶8.

Kenrick opposes the examination because he states that the allegations in his Complaint are insufficient to place his "mental health problems 'in controversy.'" ECF No. 76 at 2. Kendrick also claims Defendants have not set forth good cause given that his present mental health condition is not relevant to a determination of the effect of "now eight [] years of incarceration in solitary confinement, his multiple suicide attempts and the defendants['] failure to treat his mental health problems." Id. Kendrick contends that his mental health issues are not in dispute, and the law has unequivocally recognized the impact of prolonged solitary confinement on mental health. Id. at 3

(citing Palakovic v. Wetzel, 554 F.3d 209, 225-26 (3d Cir. 2017); Johnston v. Wetzel, 431 F. Supp. 3d 666, 678 (W.D. Pa. 2019). Finally, he asserts that the requested information is available through other means. Id.

Upon review, the Court finds sufficient cause to grant the pending motion.

Kendrick is correct that Rule 35 requires the movant to make an affirmative showing that the party's mental or physical condition is "in controversy" and that the movant has "good cause" for the examination. See Schlagenhauf v. Holder, 379 U.S. 104, 116-19 (1964); Smith v. J.l. Case Corp., 163 F.R.D. 229, 230 (E.D. Pa. 1995). "The United States Supreme Court has stressed that these requirements are not 'mere formalit[ies]' and that Rule 35 'requires discriminating application by the trial judge.'" Moody v. Wetzel, No. 3:18-CV-53, 2024 WL 184441, at *1 (M.D. Pa. Jan. 17, 2024) (quoting Schlagenhauf, 379 U.S. at 118).

Courts will generally find a mental examination is warranted when a case involves one or more of the following factors:

> 1) a cause of action for intentional or negligent infliction of emotional distress;
>
> 2) an allegation of a specific mental or psychiatric injury or disorder;
>
> 3) a claim of unusually severe emotional distress;
>
> 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or
>
> 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

Kuminka v. Atl. Cnty. New Jersey, 551 F. App'x 27, 29 (3d Cir. 2014) (quoting Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995)).

Here, Kendrick's claims are sufficient to place his mental health condition in controversy given the nature of his Eighth Amendment claims and supporting allegations of ongoing mental injury from the conditions of his confinement. ECF No. 7.

3

The Court also concludes that there is good cause for the requested mental health examination.

> Good cause requires a showing that the proposed examination could adduce specific facts relevant to the cause of action, and that it is necessary to the defendant's case. Id. (citing Womack v. Stevens Transp., Inc., 205 F.R.D. 445, 447 (E.D. Pa. 2001)). Moreover, the court must examine the "ability of the movant to obtain the desired information by other means." Schlagenhauf, 379 U.S. at 118. This good cause analysis is fact-sensitive, and "what may be good cause for one type of examination may not be so for another." Schlagenhauf, 379 U.S. at 118. If the movant can obtain the desired information through other discovery, there is no good cause for conducting the proposed Rule 35 examination to obtain that information. Id.

Moody, 2024 WL 184441, at *2.

In this case, Kendrick has directly placed at issue whether his placement on the RRL and in administrative custody or restricted housing caused psychological damage or exacerbated existing mental health issues. As in Moody, "[t]he link between the … claimed psychological damages and [Kendrick's] placement on the RRL shows extreme relevance and establishes that an examination is necessary in this case." Id. Given Kendrick's acknowledged pre-existing mental health issues, the proposed examination is necessary to provide evidence of (or support the lack thereof) of an alleged causal connection between his housing and any alleged exacerbation or damage to his condition. Thus, Defendants have demonstrated good cause for the requested Rule 35 mental examination.

Accordingly, IT IS HEREBY ORDERED this 18th day of November 2025 that Corrections' Defendants Motion to Conduct Mental Health Examination of Plaintiff, ECF No. 74, is GRANTED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
UNITED STATES MAGISTRATE JUDGE

cc: Hon. William S. Stickman
United States District Judge

All counsel of record via ECF

Paul Kendrick
MD1211
SCI PHOENIX
1200 Mokychic Drive
Collegeville, PA 19426